**NOT FOR PUBLICATION**

In the

# United States Court of Appeals

For the Eleventh Circuit

---

No. 25-13934

Non-Argument Calendar

---

DOMINGO EMILIO ROJAS,

*Petitioner,*

*versus*

U.S. ATTORNEY GENERAL,

*Respondent.*

---

Petition for Review of a Decision of the
Board of Immigration Appeals
Agency No. A094-911-851

---

Before LAGOA, ABUDU, and ANDERSON, Circuit Judges.

PER CURIAM:

Domingo Rojas petitions for review of the Board of Immigration Appeals ("BIA") order affirming the Immigration Judge's denial of adjustment of status. Rojas argues that the Immigration

Judge and BIA improperly determined that he had filed a frivolous asylum application, making him ineligible for adjustment of status.

We review de novo a statutory interpretation finding by the BIA that a noncitizen filed a frivolous asylum application, though such review "is tempered with deference to the BIA." *Ruga v. U.S. Att'y Gen.*, 757 F.3d 1193, 1196 (11th Cir. 2014); *Mingkid v. U.S. Att'y Gen.*, 468 F.3d 763, 769 (11th Cir. 2006). When the BIA "explicitly agree[s]" with an Immigration Judge's decision, we review both decisions. *See Ruga*, 757 F.3d at 1196 (citation omitted). We do not consider issues that were not reached by the BIA. *Gonzalez v. U.S. Att'y Gen.*, 820 F.3d 399, 403 (11th Cir. 2016), *abrogated in part on other grounds by Loper Bright Enters. v. Raimondo*, 603 U.S. 369 (2024).

Unlike legal conclusions, we review factual findings under the substantial evidence test, which leaves such findings undisturbed if "supported by reasonable, substantial, and probative evidence" on the record as a whole. *Ruiz v. U.S. Att'y Gen.*, 440 F.3d 1247, 1254–55 (11th Cir. 2006). We cannot reverse factual findings unless the record compels it, as "the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." *Id.* at 1255.

An asylum applicant who "knowingly made a frivolous asylum application," after previously receiving notice of the consequences of filing a frivolous asylum application is permanently ineligible for any immigration benefit. INA § 208(d)(4)(A), (d)(6), 8 U.S.C. § 1158(d)(4)(A), (d)(6); *Scheerer v. U.S. Att'y Gen.*, 445 F.3d 1311, 1317 (11th Cir. 2006). An asylum application is frivolous if

any of its material elements are deliberately fabricated. 8 C.F.R. § 208.20(a)(1). The Immigration Judge or BIA is only allowed to make a frivolity finding if the Immigration Judge or BIA is satisfied that, during the hearing, the noncitizen had "a sufficient opportunity to account for any discrepancies or implausible aspects of the claim." *Id.* Based on regulations, in making a frivolity determination, the Immigration Judge must first make specific findings that the applicant deliberately fabricated material elements of the asylum claim. *Scheerer*, 445 F.3d at 1317. The Immigration Judge's frivolity finding must be supported with specific, material falsehoods in an asylum application, and may not simply rely on an adverse credibility determination. *Id.* at 1318. "The alien must then be given ample opportunity during his hearing to address and account for any deliberate, material fabrications upon which the Immigration Judge may base a finding of frivolousness." *Id.* at 1317.

The BIA has held that, in making a frivolity determination, the agency must: (1) give notice to the alien of the consequences of filing a frivolous application; (2) address the frivolity question separately and make specific factual findings that the applicant deliberately fabricated material elements of the claim; (3) provide cogent and convincing reasons for determining that a preponderance of the evidence supports a frivolousness finding, taking into account the explanations by the application for the discrepancies or implausible aspects of the claim; and (4) give the alien the sufficient opportunity to account for any discrepancies or implausible aspects of the claim before making such a finding. *Matter of Y-L-*, 24 I. & N.

Dec. 151, 155–61 (BIA 2007) (citing 8 C.F.R. § 1208.20). The written warning of the consequences of filing a frivolous asylum application contained in the I-589 application is sufficient to meet this notice requirement even in the absence of verbal notice by the Immigration Judge. *Ruga*, 757 F.3d at 1196–97; 8 C.F.R. § 1208.20(d).

We have previously held that a "fraudulent application is also frivolous only if, after comporting with the procedural steps outlines in [*Matter of Y-L-*], the IJ makes a finding that the applicant submitted the application *knowing* that it contained a material falsehood." *Indrawati v. U.S. Att'y Gen.*, 779 F.3d 1284, 1289 n.1 (11th Cir. 2015) (emphasis in original), *overruled in part on other grounds by Santos-Zacaria v. Garland*, 598 U.S. 411, 419–23 & n.2 (2023). An adverse credibility finding is insufficient to support a finding of frivolity, but rather, there must be a specific finding that the applicant deliberately fabricated material portions of his asylum application. *Scheerer*, 445 F.3d at 1318.

Even if a noncitizen has withdrawn his asylum application, an Immigration Judge may make a frivolousness finding as to the withdrawn application and deny an adjustment of status application on that basis. *Matter of X-M-C-*, 25 I. & N. Dec. 322, 326–27 (BIA 2010). All that is required to trigger a frivolousness inquiry is the filing of an asylum application, and there is no requirement that the noncitizen subsequently follow through with that application. *See id.* at 324. "Allowing the preemptive withdrawal of an application to prevent a finding of frivolousness would undermine both

the plain language of, and the policy behind" the bar for filing frivolous asylum applications. *Id.* at 326–27.

A noncitizen applying for relief from removal bears the burden to establish that he is eligible for such relief. INA § 240(c)(4)(A), 8 U.S.C. § 1229a(c)(4)(A). In making credibility determinations, an Immigration Judge may consider an applicant's or witness's demeanor, candor, and responsiveness, as well as the "inherent plausibility" of their account, the consistency of their written or oral statements with other evidence of record. INA § 240(c)(4)(C), 8 U.S.C. § 1229a(c)(4)(C). Such determinations include "[c]onsidering the totality of the circumstances, and all relevant factors." *Id.*

Here, we review only the Immigration Judge's finding that Rojas filed a frivolous asylum application, as that is the only issue reached by the BIA. We conclude that the Immigration Judge complied with applicable procedural requirements in making its determination that Rojas filed a frivolous asylum application. Because these factual findings are supported by the record, we deny Rojas's petition for review.

**PETITION DENIED.**